**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 1:05-CR-70 |
| ) | |
| DION A. WALKER ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter came before the court on the Motion in Limine filed by the United States of America ("the government") on October 10, 2006. The Defendant, Dion A. Walker ("Walker") did not file a response, and his counsel informed the court's deputy clerk that no response would be forthcoming. For the reasons discussed below, the motion is GRANTED.

**DISCUSSION**

Walker has been charged by way of a three-count indictment with possession with intent to distribute "crack" cocaine, possession with intent to distribute cocaine, and being a felon in possession of a firearm. Walker pleaded not guilty to the charges and is scheduled to proceed to trial soon. In its motion in limine, the government "moves the Court to prevent the defendant from referring in the presence of the jury at trial, either directly or indirectly, to the potential penalties, statutory maximum, or sentencing range upon a conviction." Motion in Limine, Docket at 70, p. 1. The government asserts in its motion that "when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Id*. (citing *Shannon v. United States*, 512 U.S. 573, 579 (1994)). The government also states that "[p]otential penalties are . . . irrelevant as to guilt and are thus inadmissible." *Id*. (citing *United States v. Grimes*, 2006 WL 1751274 * 1 (S.D. Ill. June 7, 2006) and *United States v. Warner*, 396 F.Supp.2d 924, 939 (N.D. Ill. 2005)).

The government's position is well taken and its unopposed motion in limine is granted. The Defendant, Dion A. Walker, during the trial of this case, is prohibited from mentioning or referring to, in the presence of the jury, during argument or during the presentation of evidence, the potential penalties that may be imposed upon him if he is convicted, or from mentioning or referring to the possible sentencing range to which he may be subject under the Federal Sentencing Guidelines if convicted.  In addition, the Defendant is prohibited from mentioning or referring to, in the presence of the jury, during cross-examination of any cooperating government witnesses, the potential sentence of said witnesses.  *See* Motion in Limine, pp. 1-2 (citing *United States v. Arocho*, 305 F.3d 627, 636-37 (7th Cir. 2002)).

However, the court also holds that the Defendant, during cross-examination of a cooperating witness, *may* inquire, mention, or refer to the fact that said witness received, or expects to receive, benefits from the government in exchange for his or her cooperation and testimony.  That is, Walker "may test the credibility of government witnesses by exploring the benefits they received in exchange for their testimony, including lighter sentences. . . . He may not, however, discuss the potential penalties faced by these Defendants . . . ."  *Warner*, 396 F.Supp.2d at 939.  *See also, U.S. v. Redd*, 167 Fed.Appx. 565, 568-69 (7th Cir. 2006) (unpublished order) (defendant could establish on cross-examination of government witnesses that those witnesses had entered into plea agreements and received lighter sentences in return for cooperation, but could not inquire as to the maximum or potential penalties contained in those agreements.).

## CONCLUSION

For the reasons discussed herein, the Motion in Limine filed by the United States of America is GRANTED, subject to the limitations explained in this Order.

Date: November 29, 2006.

                                                  /s/   William C. Lee
                                                  William C. Lee, Judge
                                                United States District Court