UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CR-70-TS |
| | ) | |
| DION A. WALKER | ) | |

**OPINION**

This matter is before the Court on the government's Notice of Intent to Use Other Crimes, Wrongs, or Acts as Evidence Pursuant to Rule 404(b), filed on October 6, 2006. The Defendant objected to the proposed evidence on March 5, 2007.

**A.    Background**

The Defendant has been charged in a three count indictment for possessing fifty grams or more of a controlled substance containing cocaine base, or crack, with the intent to distribute in violation of 21 U.S.C. § 841(a)(1); possessing five kilograms or more of a controlled substance containing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1); and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Indictment 1–3.) The conduct is alleged to have occurred on November 30, 2005.

The government's proposed 404(b) evidence would consist of testimony regarding a controlled drug buy that occurred on November 22, 2005. The government states the evidence will show that on that day, a confidential informant ("CI") for the Fort Wayne Police department bought from the Defendant 4.5 ounces of crack and 4.5 ounces of powder cocaine, and that he attempted to purchase a quarter pound of marijuana from him. The CI was acting as an intermediary for Fort Wayne Police Officer Chad Wagner, who was posing as the ultimate buyer of the drugs. The officers

recorded telephone calls between the CI and the Defendant coordinating the transaction. Before the controlled buy, the officers observed and recorded the Defendant arrive at 1741 Lough Nest, enter the building, and depart. The Defendant drove a tan Ford Taurus, license plate 2GP199, to a parking lot at Jefferson Pointe. The officers recorded the conversation between the Defendant and the CI. The Defendant stated he forgot the "green," or the marijuana. In a telephone conversation later that day, Wagner asked the Defendant if he could "touch that green next time," meaning that he would purchase the marijuana on the next buy.

On November 29, 2005, the CI set up another purchase, which would occur on November 30. In this call, the CI ordered the same amount of crack and cocaine, and told the Defendant not to forget the weed this time. On November 30, the Defendant stated in phone calls with the CI that he had been waiting on the marijuana, that he had received it, and that he was on his way.

On November 30, officers observed the Defendant leave 1741 Lough Nest in a blue Cadillac, and discard cocaine kilo wrappers in a trash can at a nearby gas station. Later that day, just before the last phone conversation, officers observed the Defendant arrive at 1741 Lough Nest in the blue Cadillac, enter the building, and then begin to depart in the tan Taurus. Just after he exited the driveway, officers arrested the Defendant. The Defendant had in his coat the crack, cocaine, and marijuana he agreed to sell to the CI. The officers then searched the residence at 1741 Lough Nest and found more drugs. The Defendant was arrested and later indicted for his conduct on November 30.

**B.     Intricately Related Evidence Doctrine**

"If the evidence of other crimes or bad acts provides direct or inextricably intertwined

2

evidence (often referred to as intricately related evidence) of the acts charged, it is not subject to the constraints of Rule 404(b)." *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006). Uncharged conduct is admissible under the doctrine if "the evidence is properly admitted to provide the jury with a complete story of the crime on trial," "its absence would create a chronological or conceptual void in the story of the crime," or "it is so blended or connected that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of the charged crime." *Id.* As is true of all evidence, it must also meet the requirements of Federal Rule of Evidence 403.

In this case, the evidence described by the government is intricately related to the charged conduct. The November 22 buy occurred just a short time before the events on the 30th and involve the same parties. The November 22 buy explains the circumstances of the November 30 buy, and would make clear the relationship between the CI, Wagner, and the Defendant. The phone conversations in which the Defendant is told not to forget the marijuana would be confusing if the jury could not hear about the drug buy that occurred on the 22nd. The phone conversations make more sense when put in the context of the continuing buyer-seller relationship. The two events are tied together by the facts that the Defendant used the same car was used on both occasions, went to the same residence before the buys on both occasions, and planned to sell the same amounts of crack and cocaine on both occasions. As stated below, the probative value of the evidence is not outweighed by risk of unfair prejudice.

**C.     404(b) Analysis**

The evidence is also not inadmissible under Federal Rule of Evidence 404(b), which provides, in relevant part,

3

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Seventh Circuit has articulated a four-prong test for admissibility of Rule 404(b) evidence. The test is whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

*United States v. Denberg*, 212 F.3d 987, 992–93 (7th Cir. 2000).

### *(1)    Purposes Other Than Propensity*

To sustain a conviction on the charge of possession with intent to distribute a controlled substance, the government must establish that the Defendant knowingly or intentionally possessed a controlled substance, with the intent to deliver it to another person, and that he knew the substance possessed was a prohibited substance. *See United States v. Jones*, 248 F.3d 671, 675 (7th Cir. 2001). The government must prove each element beyond a reasonable doubt. *Estelle v. McGuire*, 502 U.S. 62, 69 (1991); *Jones*, 248 F.3d at 675 ("In all criminal cases, the government must prove each element, even those that the defendant does not specifically contest, beyond a reasonable doubt to convict a defendant."). "Intent to distribute drugs and knowledge that a particular substance is a narcotic often are proven through testimony about prior sales of controlled substances." *United States v. Knox*, 301 F.3d 616, 619 (7th Cir. 2002) (quoting *Jones*, 248 F.3d at 675).

The first prong is met in this case. The government is offering the evidence of the

4

Defendant's past conduct for an issue other than propensity: the Defendant's intent and knowledge with regard to the drugs he is alleged to have possessed. Evidence that the Defendant sold drugs to the same individuals is relevant to the elements the government must prove. Introduction of the November 22 buy would tend to show the Defendant intended to distribute the drugs he is alleged to have possessed and that he knew the substance possessed was a controlled substance. The conduct is also relevant to provide the backstory to the events on November 30th.

*(2)   Similarity*

The similarity prong of the 404(b) test need not be unduly rigid and "[s]imple differences in the type of conduct or charge at issue cannot defeat the similarity requirement." *United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996). The Seventh Circuit has held that "when evidence is offered to prove intent, the degree of similarity is relevant only insofar as the acts are sufficiently alike to support an inference of criminal intent. . . . The prior acts need not be duplicates of the one for which the defendant is now being tried." *United States v. Lloyd*, 71 F.3d 1256, 1264–65 (7th Cir. 1995) (quoting *United States v. York*, 933 F.2d 1343, 1351 (7th Cir.1991)). "[S]imilarity means more than sharing some common characteristics; the common characteristics must relate to the purpose for which the evidence is offered." *Long*, 86 F.3d at 84 (quoting *United States v. Torres*, 977 F.2d 321, 326 (7th Cir. 1992)).

The second prong is also met because of the many similarities in the two drug buys: the Defendant drove the same car, the deals were between the same parties, the drug amounts were the same, and the Defendant used the same residence. The similarities relate to the government's purpose in submitting the evidence, which is to show the Defendant had the intent to sell the drugs

5

and that he knew what the drugs were.

**(3)**   *Sufficiency*

The third prong requires that there be evidence sufficient to support a jury finding that the Defendant committed the prior act. A reasonable jury could find from the testimony of the officers who observed and recorded the Defendant on November 22 that the Defendant committed the acts alleged to have taken place on that day.

**(4)**   *Probative Value and Danger of Unfair Prejudice*

The fourth prong of the test requires that the evidence have probative value that is not substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial only to the extent that it will cause a jury to decide the case on improper grounds. *Jones*, 248 F.3d at 676. Where the evidence presented is primarily directed toward elements of the crime that the government is required to establish, the jury's use of Rule 404(b) evidence on the relevant issues does not constitute unfair prejudice. *Id.* Further, a limiting instruction given by the court is effective and proper to reduce or eliminate the potential of the jury to impermissibly use the evidence. *Id.* (assuming juries follow courts' instructions); *Denberg*, 212 F.3d at 994.

Evidence regarding the November 22 incident tends to show that in this case, the Defendant had knowledge that the drugs he possessed were controlled substances and that the Defendant intended to distribute the drugs. The government must prove these issues beyond a reasonable doubt. The probative value of this evidence is not significantly diminished by time or any factual differences. The danger of unfair prejudice involved in admitting the evidence—that the jury may

conclude that because the Defendant sold drugs on November 22nd, he is guilty in this instance—is not so substantial as to outweigh the probative value of the evidence as to the Defendant's intent and knowledge. Because the two events are so similar and close in time, the probative value of the events on the 22nd is great. A limiting instruction will reduce any risk of unfair prejudice that might exist. Thus, the Court concludes that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

**C.    Conclusion**

The Court finds that evidence regarding the November 22 drug buy is admissible under Rule 404(b) for the purpose of proving the Defendant's intent and knowledge, and for providing background to the events that occurred on November 30. The Court will give the Defendant an opportunity to request a limiting instruction consistent with this Opinion.

**ORDER**

The Court OVERRULES the Defendant's objection [DE 99] to the 404(b) evidence.

SO ORDERED on March 26, 2007.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
