UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CR-70 |
| | ) | |
| DION A. WALKER | ) | |

**OPINION & ORDER**

This matter is before the Court on the Defendant's motion to withdraw, filed on September 5, 2007 (DE 117). For the reasons stated below, the Court GRANTS the Defendant's motion.

**BACKGROUND**

On December 9, 2005, Attorney Stanley L. Campbell entered his appearance on behalf of the Defendant under this cause. On December 19, 2005, the Defendant was indicted for violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance) and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The Court granted Attorney Allison Folmar-Givens' application to appear *pro hac vice* on behalf of the Defendant on April 20, 2006. On December 12, 2006, the Court granted Attorney Campbell's motion to withdraw as attorney of record for the Defendant. On April 9, 2007, the Court conducted a change of plea hearing, accepted the Defendant's plea of guilty as to Counts 1 and 2, and deferred acceptance of the Amended Plea Agreement until sentencing.

On September 5, 2007, the day before the scheduled sentencing hearing, Attorney Folmar-Givens filed a motion to withdraw with the Court stating that "there has been a breakdown in the attorney-client relationship." The Court then continued the sentencing hearing

and held a telephonic motion hearing on September 6, 2007. During the telephonic hearing, Attorney Folmar-Givens informed the Court that the motion to withdraw was due to a potential conflict of interest. The Court then set the matter for further hearing and ordered the Defendant to appear.

At the September 13, 2007 hearing on the motion to withdraw, Attorney Folmar-Givens submitted under seal a Memorandum of Understanding for Withdrawal to Avoid Future Potential Conflict of Interest along with a letter signed by the Defendant explaining the nature of this conflict. Both documents were prepared on September 12, 2007. The memorandum more thoroughly explains the nature of the conflict.

The Defendant testified under oath that he had received a copy of the sealed memorandum and had discussed it with Attorney Folmar-Givens. He further testified that he understood the contents of the memorandum and agreed with Attorney Folmar-Givens that it is in his best interests for her to withdraw as counsel. The Defendant requested the appointment of counsel and attested to his indigent status.

## ANALYSIS

The Northern District of Indiana applies the Rules of Professional Conduct as adopted by the Indiana Supreme Court. N.D. Ind. L.R. 83.5(f). Rule 1.7 of the Indiana Rules of Professional conduct prohibits a lawyer from representing a client if a concurrent conflict of interest exists. Rule 1.16(a)(1) provides that if a non-waivable concurrent conflict arises, the attorney must withdraw from the case.

"Criminal defendants are guaranteed effective assistance of counsel at all stages of the proceedings against them," which "include[s] the right to representation that is free from conflict

of interest." *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004). The Supreme Court's decisions in *Holloway v. Arkansas*, 435 U.S. 475 (1977) and *Culyer v. Sullivan*, 446 U.S. 335 (1980) impose upon this Court a duty to inquire adequately into the defense counsel's potential conflict of interest if the Court knows or reasonably should know that a particular conflict exists. *Holleman v. Cotton*, 301 F.3d 737, 742 (7th Cir. 2002). Because attorneys are officers of the court and in the best position to determine whether a conflict exists, most requests to withdraw because of a conflict should be granted. *Holloway*, 435 U.S. at 485.

The Court is satisfied with Attorney Folmar-Givens' representations that a potential conflict of interest has arisen with respect to her appearance on behalf of the Defendant as he proceeds to sentencing. The Defendant has informed the Court that he agrees with this assessment and desires new counsel. Because defense counsel is in the best position to determine whether she is conflicted, and because the Defendant himself desires new counsel, the Court grants the motion to withdraw.

**ORDER**

The Court GRANTS Attorney Folmar-Givens' motion to withdraw (DE 117). The Defendant is REFERRED to the Federal Community Defender's Office for appointment of new counsel. The Court GRANTS the Defendant's request to RECOMMEND the appointment of Attorney Stanley L. Campbell. A telephonic status conference is set for September 21, 2007, at 2:00 p.m. The Court will initiate the call.

SO ORDERED on September 17, 2007.

s/ Theresa L. Springmann

                          THERESA L. SPRINGMANN
                          UNITED STATES DISTRICT COURT
                          FORT WAYNE DIVISION