## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-70 |
| | ) | |
| DION WALKER | ) | |

## OPINION AND ORDER

This matter is before the Court for resolution of several motions filed by the Defendant, Dion Walker. On April 23, 2009, the Defendant filed a Motion to Reinstate Sentence Appeal Rights [DE 138]. Within that Motion is a Request for an Evidentiary Hearing [DE 138]. On June 11, the Defendant filed a Motion to Correct Drug Amount [DE 144]. On July 10, the Government filed a Response [DE 146] to these Motions. On July 20, the Defendant filed a Reply [DE 147], which focused solely on the issue raised in his Motion to Correct Drug Amount. Two days later, the Defendant filed an Attachment to Amended Motion to Correct Drug Amount [DE 148], and on August 5, the Government filed a Response [DE 149] to this supplemental brief. On August 10, the Defendant filed a Motion to Set Aside His Guilty Plea [DE 150], and on August 25, the Government filed a Response [DE 151] to that Motion. On September 3, the Defendant filed a Final Response to Government's Response on Motion to Correct Drug Amount [DE 152], and on September 10, he filed a Motion to Strike Appeal of Guilty Plea Motion [DE 153], which is essentially a Motion to Withdraw. These motions are now ripe for ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

The Defendant was charged by way of an Indictment [DE 13] on December 19, 2005, with three felonies. Count 1 charged him with possession with intent to distribute fifty grams or

more of cocaine base "crack" in violation of 21 U.S.C. § 841(a)(1). Count 2 charged him with a violation of the same statute for having possessed five kilograms or more of cocaine with intent to distribute. Count 3 charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This Court denied his various pretrial Motions, and he eventually entered into a Plea Agreement [DE 110] with the Government. On April 9, 2007, the Defendant pleaded guilty to Counts 1 and 2 of the Indictment pursuant to the Plea Agreement. (*See* DE 111.) On May 23, 2008, the Court sentenced the Defendant to a term of life imprisonment without release on Counts 1 and 2, which was a statutorily mandated minimum sentence, and then granted the Government's Motion to Dismiss Count 3 of the Indictment. (*See* DE 133.) The Defendant was represented by counsel throughout the course of this case. However, on June 12, 2009, the Court granted a Motion to Withdraw [DE 142] filed by counsel for the Defendant, and the Defendant is now proceeding *pro se* as he pursues the current motions.

The Defendant is now asking the Court to grant him relief from the terms of his sentence in two principal ways. First, he asks the Court to reinstate his right to appeal his sentence, a right he waived as part of his Plea Agreement. Second, he is asking the Court to find that his sentence was calculated improperly and imposed as the result of an incorrect assessment of the amount of drugs involved in the offenses to which he pleaded guilty. The Defendant's motions, while not specifically titled as motions pursuant to 28 U.S.C. § 2255, are precisely that. In fact, the Defendant acknowledges this in the body of his Motion to Reinstate Sentence Appeal Rights by stating that "[t]his court has jurisdiction to consider this motion and grant defendant relief pursuant to 28 U.S.C. 2255." (Def.'s Mot. to Reinstate 1, DE 138.) In addition, the Defendant's Motion to Correct Drug Amount seeks relief that could only be granted under 28 U.S.C. § 2255.

In both motions, the Defendant seeks to vacate, set aside, or correct the sentence imposed upon him in this case, arguing that the sentence violated his constitutional rights (with regard to his waiver of appeal rights) and that his term of imprisonment was wrongfully calculated and imposed (with regard to the drug amounts attributed to him). The Seventh Circuit has explained that "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner [puts] on the cover."[1] *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). Whatever the motion is called, it makes no difference, for it is the substance that controls. *Id.*; *see also Jackson v. United States*, 463 F.3d 635, 639 (7th Cir. 2006).

## DISCUSSION

A.  **The Defendant's Motions to Set Aside His Guilty Plea [DE 150] and to Strike Appeal of Guilty Plea Motion [DE 153]**

In this Motion, the Defendant seeks to set aside his plea of guilty to Counts 1 and 2. (Def's Mot. to Set Aside 3, DE 150.) He argues that his attorneys somehow misled him about the ramifications of entering his guilty plea and that his attorneys' failures constituted ineffective assistance of counsel.[2] (*Id.* at 1–4.) The Government responds by pointing out that the Defendant

---

[1] Because the Court determines in this Opinion and Order that the Defendant's waiver of his appeal and post-conviction filing rights was valid, he cannot file any further challenge to his sentence. However, if he nevertheless attempts to do so, he must obtain leave from the appellate court because a prisoner cannot file a second or successive petition under § 2255 without first obtaining the permission of the appropriate appellate court (in this case, of course, the United States Court of Appeals for the Seventh Circuit). Thus, because the Court is denying the relief the Defendant is seeking in his present motions, he may not file another motion under § 2255 unless he first petitions the Seventh Circuit pursuant to 28 U.S.C. § 2244.

[2] From the outset of this case, the Defendant was represented by Attorney Stanley L. Campbell, whom the Defendant had retained. Several months after he was indicted, he retained Attorney Allison Folmar-Givens, who joined in his defense. On December 12, 2006, Mr. Campbell filed a Motion to Withdraw [DE 81], which the Court granted following a hearing. (*See* DE 82.) On September 5, 2007, Ms. Folmar-Givens filed a Motion to Withdraw as Defense

3

waived his right to assert an ineffective assistance of counsel claim as part of his Plea Agreement in this case. (Gov't Resp. to Mot. to Set Aside 2, DE 151.) The Court need not address this Motion because the Defendant subsequently filed a Motion seeking to withdraw it. (Def.'s Mot. to Strike, DE 153.) In this filing, the Defendant states:

> [He] moves the Court to "strike" and/or withdraw his motion to appeal his guilty plea. [He] only wishes to proceed with the appeal of his duplicity claim, and only wishes the Court to reach a decision as to whether his counts are duplic[a]tive or not. [He] no longer wishes to appeal his withdraw[a]l of his guilty plea. Wherefore [sic] the re[as]ons set forth above, [he] moves to strike his Motion to Withdraw his Guilty Plea.

(Def.'s Mot. to Strike 1, DE 153.) Accordingly, the Court will grant the Defendant's Motion to Strike/Withdraw his Motion to Set Aside His Guilty Plea, and his Motion to Set Aside His Guilty Plea will be withdrawn.

### B. The Defendant's Motion to Reinstate Appeal Rights and Request for Evidentiary Hearing [DE 138]

In this Motion, the Defendant asks the Court to reinstate his right to file an appeal in this case, a right that he waived as part of his Plea Agreement. (Def.'s Mot. to Reinstate 1, DE 138.) More specifically, he contends that his waiver of his appeal rights is unconstitutional, that his waiver of his appeal rights was not made knowingly, and that he did not fully understand the ramifications of such a waiver. He requests "an evidentiary hearing in this matter." (*Id*. at 2.)

The Court first will address the Defendant's request for a hearing. He claims that he is entitled to a hearing because this motion (with supporting declaration and the records and files of

---

Counsel [DE 117], which was granted following a hearing. (*See* DE 121.) The Court referred the case to the Federal Community Defender's Office and, pursuant to the Defendant's request, recommended that Mr. Campbell be appointed to once again represent the Defendant. Mr. Campbell represented the Defendant through sentencing and the entry of judgment and then filed a Motion to Withdraw [DE 142] on June 12, 2009. (*See* DE 143.)

this case) does not conclusively show that he is not entitled to relief, and that the requested hearing ought to be granted. (*Id*. at 2.) Section 2255 provides that a district court "shall . . . grant a prompt hearing" on a motion filed pursuant to the statute "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). After carefully reviewing the materials submitted, the record of this case (including the Plea Agreement the Defendant entered into with the Government and the relevant transcripts from prior hearings in this case), and the applicable case law, the Court concludes, as discussed at length below, that the Defendant is not entitled to relief on any of the issues he raises. Accordingly, his request for a hearing will be denied.

As indicated above, the crux of this Motion is that he wants his right to appeal his sentence reinstated. The Defendant argues that his "plea agreement agreeing to waive sentence appeal rights is unconstitutional and must be vacated and his sentence appeal rights and review [sic] reinstated." (Def.'s Mot. to Reinstate 2, DE 138.) The Defendant readily concedes that he "signed a 'waiver' waiving the right to appeal the sentence to be imposed." (*Id*. at 3.) Nonetheless, he contends that his plea agreement "is legally 'void' insofar, as it relates to the sentence appeal waiver provision of the agreement. Thus, [it] is unconstitutional insofar, as it is established law that there is every reasonable presumption against a waiver of 'fundamental constitutional rights.'" (*Id.* (citations omitted).) The Defendant adds that "it is equally well established law, that the mental compe[]tency of the accused to enter an intelligent waiver of 'any' constitutional right is available as a ground of collateral attack on a federal sentence." (*Id*. (citations omitted) (underlining in original).)

The Defendant is correct that a defendant cannot effectively waive a constitutional right

5

unless that waiver is made knowingly and voluntarily. *United States v. Robinson*, 8 F.3d 418, 421 (7th Cir. 1993); *see also United States v. Kelly*, 337 F.3d 897, 904 (7th Cir. 2003). However, for the reasons stated below, the Court finds that the Defendant knowingly and voluntarily entered into the Plea Agreement, which included a waiver of his right to appeal his sentence. (Plea Agreement, DE 110.) More importantly, for purposes of the present Motion, the waiver provision in the Plea Agreement also contained a waiver of the Defendant's right to bring a post-conviction motion under 28 U.S.C. § 2255. (*Id.* ¶ 7.g.) Consequently, the threshold issue before the Court is whether the Defendant even has the right to file the present Motion. The Government argues that he does not. (Gov't Resp. 1, DE 146.) The Government argues:

> Seventh Circuit precedent clearly establishes the validity of an appeal waiver, that [the Defendant's] voluntary and knowing appeal waiver bars all of his claims except a claim of ineffective assistance of counsel relating directly to the waiver, and that there was no deficiency in advice or resulting prejudice regarding his attorney failing to inform him specifically about an appeal of an Eighth Amendment claim. Regarding the [Defendant's Motion to Correct Drug Amount], the government responds that the claim was waived by the plea agreement and that, even if the merits were considered, the Defendant's sworn testimony at the change of plea hearing and the facts found by the Court at sentencing demonstrate the correct drug quantities.

(*Id.* at 1–2.) Out of an abundance of caution, the Government proceeds to address the merits of the Defendant's claims. Still, the first issue to resolve is whether the Defendant can bring the present Motion in the first place. The Court concludes that he cannot, and his Motion must be denied on this basis.

> The Defendant's Plea Agreement contained the following waiver provision:
>
> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has the jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in

>consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement ¶ 7.g, DE 110.) By entering into the Plea Agreement, the Defendant expressly waived his right to challenge any aspect of his conviction or sentence by way of a motion under § 2255. The Defendant signed the Plea Agreement, as did his attorney, before it was filed with the Court. (*Id*. at 6.) In the Plea Agreement, the Defendant declared that he "offer[ed] [his] plea of guilty freely and voluntarily and of [his] own accord." (*Id.* at 5.) In order to ensure that the Defendant was aware of and fully understood the terms of the Plea Agreement, the Court held a plea hearing on April 9, 2007. At the outset of that hearing, the Defendant was sworn and thus answered the Court's questions under oath. (Plea Hrg. Tr. 3, DE 154.) The Defendant stated that he understood the implications of being under oath, that he had not consumed any intoxicating substances or taken any medication within twenty-four hours of the hearing, and that he understood what was taking place. (*Id.* at 3–4.) The Court also questioned the Defendant about his educational background, and he stated that he had received his G.E.D. and attended one semester of college at Ivy Tech. (*Id*. at 4–5.) The Defendant informed the Court that he was satisfied with his attorney's representation throughout this case. (*Id*. at 6.) He confirmed that he had discussed pleading guilty to Counts 1 and 2 of the Indictment with his attorney prior to the hearing and that he understood the charges to which he was pleading guilty. (*Id*. at 5–6.) The Court explained to the Defendant in detail that by pleading guilty he was waiving his right to a

7

trial and his right to an appeal if he was found guilty following a trial. (*Id*. at 6–8.) With regard to his right to appeal his conviction or sentence, or to challenge his conviction or sentence by way of any post-conviction proceeding, including a proceeding under § 2255, the Court engaged in the following exchange with the Defendant:

> THE COURT: Do you also understand that in some circumstances, you or the Government may have the right to appeal any sentence that I impose?
>
> THE DEFENDANT: Yes.
>
> THE COURT: However, that right can be waived. Do you understand that by entering into your plea agreement with the Government, and entering a plea of guilty, you will be waiving or giving up your right to appeal or collaterally attack all or part of the sentence?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And that's contained in paragraph 12(g) on page 4 of the plea agreement.

(Plea Hrg. Tr. at 13.) The Court specifically asked the Defendant if he "voluntarily cho[]se to enter into the amended plea agreement," to which he answered, "Yes." (*Id*. at 14.) The Defendant also confirmed that he had an opportunity to read and discuss the Plea Agreement with his attorney before he signed it. (*Id*.) Later in the hearing, the Court again addressed the waiver provision contained in the plea agreement and engaged the Defendant in the following colloquy:

> THE COURT: And then, on paragraph G, this is where it talks about waiving your right to appeal or contesting your conviction. Do you remember reviewing that with your attorney before?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Specifically in the middle it says that you understand that you expressly, that as part of entering into the agreement, you expressly waive—I expressly waive my right to appeal or to contest my conviction and my sentence

and any restitution order imposed, or the manner in which my conviction or my sentence or the restitution order was determined or imposed. Do you understand that?

THE DEFENDANT: Yeah.

THE COURT: It means if you plead guilty, and your plea of guilty is accepted, you're waiving or giving up your right to appeal any conviction?

THE DEFENDANT: Yeah.

THE COURT: The sentence you receive is, you're likewise waiving any right to appeal that, you understand that?

THE DEFENDANT: Yeah.

THE COURT: Do you have any question about that?

THE DEFENDANT: No.

THE COURT: That would include, too, as that paragraph goes on, that there would be no appeal to any Court on any ground, including any claim of ineffective assistance of counsel. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation including any appeal. Any question about that, what that paragraph says at that point?

THE DEFENDANT: No.

(*Id*. at 18–19.) The Court returned to this issue yet again later in the plea hearing, discussing the waiver issue with the Defendant as follows:

> THE COURT: Mr. Walker, do you understand that by entering into this plea agreement with the Government, and entering a plea of guilty that you're waiving or giving up your right to appeal or collaterally attack on any ground your conviction, sentence, any order of restitution and the manner in which your conviction, sentence and restitution are imposed?
>
> THE DEFENDANT: Yes.

9

> THE COURT: And you also understand that this waiver means you're giving up your right to claim ineffective assistance of legal counsel?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And again, Mr. Walker this plea agreement, this written plea agreement represents in its entirety any understanding or agreement that you have with the Government, is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And is there anything in this amended plea agreement that you do not understand?
>
> THE DEFENDANT: No.

(*Id*. at 21–22.) Finally, at the conclusion of the hearing, the Court asked the Defendant whether he had "any questions with regard to the guilty plea that you have put into this record before the Court today," to which he responded, "No." (*Id*. at 34–35.) At more than one point in the plea hearing, the Court also ensured that the Defendant understood that he was facing a mandatory minimum sentence of life imprisonment without release, and he stated under oath that he knew and understood the penalties he faced. (*Id*. at 11–12, 16–17.)

Notwithstanding the detailed colloquy that took place at the plea hearing and the Defendant's repeated assertions that he understood the terms of his plea agreement as well as the consequences of his guilty plea, he now claims in the "Declaration" attached to his Motion to Reinstate that he did not understand "adequately the full and complete remedy" of an appeal of his sentence "at the time [he] signed the plea agreement." (Def.'s Mot. to Reinstate at 6, DE 138.) The Defendant claims that "[a]fter [he] was sentenced in this case, . . . [he] wanted [his] sentence[] appealed . . . and [he] communicated [his] wishes in that regard to [his] attorney." (*Id*.) The Defendant goes on to state:

10

> I believe that my sentence is both unreasonable and excessive under the 8th Amendment to the United States Constitution. I wish to have this constitutional claim under the 8th Amendment reviewed by a sentence appeal. At the time I was sentenced . . . I was very dissatisfied with my sentence imposed against me; and my attorney right then and there knew that I wish to have a notice of appeal filed on my behalf; but declined to file such a notice of appeal. . . . The legitimacy of my true understand[ing] of waiving my sentence appeal rights was not predicated on truth, justice and equality; but instead, on a complete lack of understanding of a sentence appeal review and a review by the United States Supreme Court.

(*Id*. at 7.) Thus, the Defendant urges that he did not understand the ramifications of the waiver provision contained in his Plea Agreement, that in some way his attorney failed to fully inform him of those ramifications, and that his attorney failed to file a notice of appeal on his behalf.

The record is clear that the Defendant entered into the Plea Agreement with full knowledge of its terms and that he did so voluntarily. He confirmed as much under oath before the Court accepted his guilty plea. He confirmed under oath, more than once, that he had adequate opportunity to read the Plea Agreement and discuss it with his attorney, including the waiver provision. He specifically stated to the Court that he understood the waiver provision contained in the Plea Agreement. It is certainly understandable that a defendant would be "dissatisfied" with a sentence to life imprisonment without release. However, the Defendant stated under oath at his change of plea hearing that he understood he was facing a mandatory sentence of life imprisonment with no release. The Court specifically asked him if he understood that he was facing such a mandatory life sentence, and he stated that he did. (*Id.* at 11–12, 16–17.) The Defendant also stated that he understood that he would have no right to withdraw his guilty plea if he received a sentence that was more severe than he expected. (*Id*. at 13–14.) Near the conclusion of the change of plea hearing, the Court summarized the dialogue that had taken place and indicated that the Defendant understood the charges to which he was pleading

guilty, understood that he faced a penalty of life imprisonment, and had voluntarily pleaded guilty. (*Id*. at 32–33.) At the end of the hearing, the Court asked the Defendant one final time if he had any questions about his guilty plea or plea proceeding, and he responded that he did not. (*Id*. at 34–35.)

The Government correctly notes that "'[i]t is well-settled in this Circuit, as well as in virtually every circuit that has considered the question, that defendants may waive their right to appeal as part of a written plea agreement, and [the Seventh Circuit] ha[s] consistently upheld valid appeal waivers and dismissed the appeals taken in contravention.'" (Gov't Resp. 8 (quoting *United States v. Woolley*, 123 F.3d 627, 631 (7th Cir. 1997)), DE 146.) In fact, the Seventh Circuit addressed the issue of such waiver provisions recently, explaining as follows:

> It is well-settled that appellate waivers in plea agreements are generally enforceable. *United States v. Emerson,* 349 F.3d 986, 988 (7th Cir. 2003); *see United States v. Nave,* 302 F.3d 719, 720-21 (7th Cir. 2002). . . . For the waiver to be enforceable, the disputed appeal must fall within its scope. *See United States v. Vega,* 241 F.3d 910, 912 (7th Cir. 2001) (per curiam). We will enforce an appellate waiver if its terms are "express and unambiguous," *see United States v. Woolley,* 123 F.3d 627, 632 (7th Cir. 1997), and the record shows that the defendant "'knowingly and voluntarily'" entered into the agreement. *United States v. Jemison,* 237 F.3d 911, 917 (7th Cir. 2001) (quoting *Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir. 1999)).
>     To determine if a defendant knew and understood the plea agreement, we must examine the language of the plea agreement itself and also look to the plea colloquy between the defendant and the judge. *Woolley,* 123 F.3d at 632; *see also United States v. Sura,* 511 F.3d 654, 661 (7th Cir. 2007) (the district court must inform the defendant of an appellate waiver during the Rule 11 colloquy). A plea agreement is a type of contract subject to contract law principles, but limited by constitutional considerations. *See United States v. Bownes,* 405 F.3d 634, 636 (7th Cir. 2005). We interpret the terms of the agreement according to the parties' reasonable expectations and construe any ambiguities against the drafter—the government—and in favor of the defendant. *See Vega,* 241 F.3d at 912; *accord United States v. Stearns,* 479 F.3d 175, 178 (2nd Cir. 2007); *United States v. Speelman,* 431 F.3d 1226, 1231 (9th Cir. 2005).

*United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009). *See also United States v. Lockwood*,

416 F.3d 604, 607–08 (7th Cir. 2005), *and Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999) (appeal waiver is valid where it is express and unambiguous and where the record reflects that it was made knowingly and voluntarily). When a sentencing court engages a defendant in a detailed colloquy pursuant to Federal Rule of Criminal Procedure 11 and discusses with the defendant his rights and the consequences of his guilty plea, the testimony of the defendant at that hearing is accorded a "presumption of verity." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). *Cf. United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007) (stating that a "defendant who simply asserts that his plea was not voluntary, in contradiction of his testimony at the plea hearing, . . . faces 'a heavy burden of persuasion'") (quoting *Ellison*, 835 F.2d at 693). Once a sentencing court determines that a defendant's plea agreement is entered into voluntarily and with full knowledge of its terms, the appeal waiver must be enforced. *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008) ("Because the plea was voluntary, the waiver of appeal must be enforced.") (citing *United States v. Wenger,* 58 F.3d 280 (7th Cir. 1995)).

The Court finds that the Defendant entered into the Plea Agreement knowingly and voluntarily and that the waiver provision contained in the Defendant's Plea Agreement (which includes a waiver of his right to appeal his conviction and sentence and to challenge his conviction and sentence by way of a motion under 28 U.S.C. § 2255) is clear and unambiguous. As a consequence, the waiver provision must be enforced, and the Defendant has waived his right to appeal and to collaterally attack his conviction and sentence and is precluded from challenging his conviction and his sentence by way of direct appeal or pursuant to § 2255. Thus, the Defendant is barred from challenging his conviction and sentence in the present Motion, except to the extent that his challenge fits within the narrow exception carved out for a claim of

13

ineffectiveness that relates directly to the waiver or its negotiation. The Defendant states in rather vague and conclusory terms that his attorney (or attorneys, since he alternately complains about both Ms. Folmar-Givens and Mr. Campbell) failed to adequately explain to him the "full and complete remedy of [a] sentence appeal" and that he never intended to waive a right to effective assistance of counsel on appeal.[3] (Def.'s Mot. to Reinstate 6–7, DE 138.) Although it is

---

[3] The Defendant claims that Mr. Campbell, who represented him at sentencing, ignored his request to file an appeal. However, tthe Defendant waived this claim as part of the waiver provision of the Plea Agreement. *See Nunez*, 546 F.3d at 456 ("Once a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver."). The Seventh Circuit has explained as follows:

> Because the plea was voluntary, the waiver of appeal must be enforced. See *United States v. Wenger,* 58 F.3d 280 (7th Cir. 1995). And that waiver knocks out [the defendant's] argument that his lawyer failed to follow his direction to file an appeal.
>
> To establish ineffective assistance of counsel, a prisoner must show not only that the lawyer's work as a whole was objectively deficient but also that prejudice ensued. See *Wright v. Van Patten,* 552 U.S. 120 (2008); *Bell v. Cone,* 535 U.S. 685 (2002); *Strickland v. Washington,* 466 U.S. 668 (1984). A lawyer who respects his client's formal waiver of appeal does not render objectively deficient service, and the waiver (coupled with the plea itself) shows that [the defendant] did not suffer prejudice even if his lawyer should have filed a notice of appeal. Had an appeal been filed, it would have been dismissed in short order.

*Nunez*, 546 F.3d at 453 (parallel citations omitted). Additionally, the Government argues that the Defendant's expressed desire to challenge his sentence on Eighth Amendment grounds is frivolous. The Government contends that the Defendant "cannot demonstrate deficient performance [by his attorney or attorneys] *or* prejudice regarding an appeal of an Eighth Amendment claim because the Seventh Circuit has repeatedly rejected similar Eighth Amendment claims as meritless." (Gov't Resp. to Mot. to Reinstate 18, DE 146.) Indeed, as the Government states in its brief, numerous Seventh Circuit cases (and United States Supreme Court cases) hold that statutorily mandated life sentences in cases similar to the Defendant's do not violate the Eighth Amendment's proscription against cruel and unusual punishment. (*Id.* (citing *United States v. Kramer*, 955 F.2d 479 (7th Cir. 1992), and *Harmelin v. Michigan*, 501 U.S. 957 (1991)). The Government also points out that this issue was recently addressed by the Seventh Circuit in the case of *United States v. Strahan*, 565 F.3d 1047 (7th Cir. 2009). In *Strahan*, the Seventh Circuit rejected a defendant's Eighth Amendment challenge to his sentence of life imprisonment without release based upon his conviction of conspiracy to distribute cocaine base and distribution of cocaine base. In disposing of the defendant's argument that the sentence is grossly disproportionate and finding no Eighth Amendment violation, the Seventh Circuit noted that "the Supreme Court has rejected Eighth Amendment challenges to statutorily mandated life sentences for defendants with two prior felony convictions." *Id.* at 1052 (citing Supreme Court and Seventh Circuit cases). Based upon this authority, the Government argues:

> Given this caselaw, it is difficult to understand how an assumed failure to advise [the Defendant] of a hopeless appeal was deficient advice because even if his attorney had told him specifically that a waiver of appeal on any ground of course included waiver of an Eighth Amendment claim, this statement would have to be followed by a statement that any such argument on appeal would be rejected as meritless.

(Gov't Resp. to Mot. to Reinstate 18–19, DE 146.) The Court agrees with the Government that the Defendant's counsel cannot be blamed for not abiding by his client's apparent desire to file an appeal that the attorney would know to be frivolous and would contradict the appeal waiver provision contained in the Defendant's Plea Agreement.

not clear that the Defendant so intended, his claim could be construed as a claim that his counsel was ineffective as to the waiver or its negotiation. The Seventh Circuit has observed that "waivers are enforceable as a general rule" and that "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones*, 167 F.3d at 1145.

To the extent the Defendant's claims relating to ineffective assistance of counsel or his right to appeal could be construed as relating directly to the waiver or its negotiation, he cannot succeed. The Defendant's protest that he was not fully informed about the implications of the waiver provision in his Plea Agreement belies the statements he made under oath at his change of plea hearing. As set forth above, this Court asked him several detailed questions about his Plea Agreement in general and the waiver provision in particular. The Court engaged him in an extended dialogue to ensure that he understood the terms of his agreement and the consequences of pleading guilty, and the Court afforded him numerous opportunities to ask questions. The Defendant repeatedly stated that he understood the terms of the Plea Agreement, that he entered into it voluntarily, that he had ample opportunity to discuss it with counsel before pleading guilty, that he was cognizant of the ramifications of the plea agreement and the sentence he faced, and that he had no questions about the waiver provision.

The standards governing ineffective assistance of counsel claims are well-established:

> To prevail on his ineffective assistance claim, [the defendant] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that "the [alleged] deficient performance prejudiced the defense." In order to satisfy the prejudice prong, [he] must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Taylor v. Bradley,* 448 F.3d 942, 948 (7th Cir. 2006) (*quoting Strickland v. Washington,* 466

U.S. 668, 687–88, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [the defendant] would not have pleaded guilty." *Galbraith v. United States,* 313 F.3d 1001, 1008 (7th Cir. 2002). *See also Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006) ("[A] claim that a defendant would not have entered this particular plea agreement is not sufficient to show prejudice. To demonstrate prejudice, the defendant must show that he would not have pled guilty and would have insisted on going to trial.") (internal citations omitted).

In this case, the Defendant has not demonstrated prejudice. He has not alleged he would not have pleaded guilty had counsel acted differently as to the waiver provision. *United States v. Peterson,* 414 F.3d 825, 827 (7th Cir. 2005). He has not identified evidence that would have created a reasonable probability of a different outcome; he has not outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error; and he has not outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. The Defendant has failed to come forward with objective evidence and sound arguments that he received ineffective assistance of counsel with regard to the waiver provision or its negotiation. Additionally, as the Government states it, "[The Defendant] . . . cannot show prejudice because any alleged deficiency in counsel's explanation of the appeal waiver was amply cured by the Court's thorough explanation of the appeal waiver during the guilty plea hearing." (Gov't Resp. to Mot. to Reinstate 17, DE 146.) Thus, the Defendant has not carried his burden with respect to the prejudice prong, and to the extent that the Defendant claims that his counsel provided ineffective assistance with regard to the waiver provision, this

claim is without merit.[4]

For the foregoing reasons, the Court will deny his Motion to Reinstate Sentence Appeal Rights.

C.     **The Defendant's Motion to Correct Drug Amount [DE 144]**

The Defendant wants the Court to modify or amend the judgment to state that his offenses (and his relevant conduct as reflected in the Presentence Investigation Report) involved a much lower quantity of drugs, thereby reducing his sentence. For the same reasons stated as to the Defendant's Motion to Reinstate Sentence Appeal Rights, the Court need not address the merits of the Defendant's Motion to Correct Drug Amount, and it too must be denied. This Motion is a "companion" or "supplemental" motion under § 2255, in which the Defendant argues that the calculation of the amount of cocaine involved in the offenses to which he pleaded guilty was overstated and that, consequently, his sentence should be reduced.[5] (Def.'s Mot to Correct at 1, DE 144.) Because the Defendant waived his right to challenge his conviction or sentence, or the way his sentence was determined or imposed, by way of a motion under § 2255, this Motion is precluded and will be denied.

---

[4] The Court has addressed this possible claim by the Defendant even though he in his Reply [DE 147] states that, "[a]t this point, [the Defendant] moves to proceed with his motion to reinstate his sentence appeal rights, if this is the route he has to take in order to correct the drug amount. If the drug amount is corrected, I wish to stop this proceeding on my sentence appeal rights." (Def.'s Reply 2–3.) He later adds: "By no means do I want to reverse my guilty plea agreement, I just want the proper drug amounts corrected." (*Id.* at 3.) The Defendant's varied requests have created an unclear and confused record, which has hampered the Government's ability to respond and the Court's ability to address his claims and concerns. In any event, the Defendant did not move to withdraw his Motion to Reinstate Sentence Appeal Rights, and through the waiver provision of his Plea Agreement, the Defendant has waived the additional theories he has interjected in his submissions, except to the extent that they come within the scope of the exception in the waiver provision, which the Court has addressed.

[5] The Court notes that the Plea Agreement included a stipulation regarding the drug amount. (Plea Agreement ¶ 7.d.iii.)

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Strike Appeal of Guilty Plea Motion [DE 153], and his Motion to Set Aside His Guilty Plea [DE 150] is WITHDRAWN. The Court DENIES the Defendant's Motion to Reinstate Sentence Appeal Rights [DE 138] and his Motion to Correct Drug Amount [DE 144].

SO ORDERED on December 18, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA