# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-70 |
| | ) | |
| DION WALKER | ) | |

## OPINION AND ORDER

In an Opinion and Order entered on December 18, 2009, the Court granted the Defendant's Motion to Strike Appeal of Guilty Plea Motion [DE 153], and his Motion to Set Aside His Guilty Plea [DE 150] was withdrawn. The Court also denied the Defendant's Motion to Reinstate Sentence Appeal Rights [DE 138] and his Motion to Correct Drug Amount [DE 144], which the Court treated as motions filed under 28 U.S.C. § 2255. When that Opinion and Order was entered, the Court did not address the issuance of a certificate of appealability under the newly effective amendments to Rule 11 of the Rules Governing Section 2255 Cases.

Under Rule 11(a), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make "a substantial showing of the denial of a constitutional right" by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted). When a district court dismisses a petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. However, additional argument is not necessary here. Given the Defendant's knowing and voluntary waiver of his rights to appeal and to collaterally attack his conviction and sentence, the Defendant cannot make the necessary showing as no reasonable jurist would find it debatable whether this Court was correct in its ruling on his Motions, including its determination that the Defendant's claim that his counsel provided ineffective assistance with regard to the waiver provision was without merit because the Defendant failed to carry his burden with respect to the prejudice prong. Consequently, the Court will deny a certificate of appealability as to the Defendant's claims.

## CONCLUSION

The Court DENIES a certificate of appealability as to the Defendant's claims. The Defendant may seek a certificate of appealability from the court of appeals under Federal Rule of Appellate Procedure 22.

SO ORDERED on January 22, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA