# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:05-CR-70-TLS |
| DION A. WALKER | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 173], filed on September 18, 2019. Defendant seeks a reduction of his sentence for both the crack cocaine offense in Count 1 and the powder cocaine offense in Count 2. Acknowledging that Defendant is eligible for a sentence reduction on Count 1, the Government argues that a reduction on Count 1 is nevertheless not warranted, that Defendant is not eligible on Count 2 because the powder cocaine conviction is not a covered offense under the Fair Sentencing Act, and that Defendant remains subject to a mandatory minimum term of life imprisonment on Count 2. For the reasons set forth below, the Court finds that Defendant is eligible under Section 404(b) of the First Step Act and finds, in its discretion, that the § 3553(a) factors and Defendant's post-sentencing conduct warrant a reduction in his sentence on Count 1 only. Therefore, the Court GRANTS in part and DENIES in part Defendant's motion and reduces Defendant's sentence on Count 1 only to a term of imprisonment of 179 months and a term of supervised release of 8 years.

## BACKGROUND

Defendant, who was born in 1974, was convicted in 1991 of dealing in cocaine and possession of cocaine as an adult and was sentenced to 3 years in the Department of Corrections. PSR p. 2, ¶¶ 61, 62. In 1997, Defendant was convicted of conspiracy to commit dealing in

cocaine in Allen County Superior Court, for which he was sentenced to 15 years in the Department of Corrections; he was discharged from parole in November 2004. *Id.* ¶ 76.

On November 7, 15, 22, and 30, 2005, Defendant sold cocaine base, commonly known as "crack cocaine," and powder cocaine to a confidential informant. *Id.* ¶¶ 22–26. Defendant had controlled substances on his person at the time of his arrest, and a federal search warrant was executed the same day at this residence. *Id.* ¶¶ 27, 28. A three-count Indictment [ECF No. 13] was filed on December 19, 2005, charging Defendant based on the November 30, 2005 conduct with possessing with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of crack cocaine (Count 1); possessing with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count 2); and being a convicted felon in possession of a firearm (Count 3). Indictment, ECF No. 13. On October 5, 2006, the Government filed an Information [ECF No. 67] pursuant to 21 U.S.C. § 851, indicating its intent to seek an enhanced sentence based on Defendant's two prior felony drug convictions.

On April 9, 2007, an Amended Plea Agreement [ECF No. 110] was filed, and, at the change of plea hearing [ECF No. 111], Defendant pled guilty to Counts 1 and 2. The total quantity of drugs involved in the commission of the offenses, which were grouped and converted to marijuana, was found to be 8,529.46 grams. PSR ¶ 33. Count 1 of the Indictment, which charged possession with intent to distribute 50 grams or more of crack cocaine, involved 151.6 grams of crack cocaine. *Id.* ¶¶ 26–33. Count 2 of the Indictment, which charged possession with intent to distribute 5 kilograms or more of cocaine, involved 5,042.70 grams of cocaine. *Id.* ¶¶ 26–28, 33.

Defendant's original guideline range was 235 to 293 months, based on an offense level of 34 and a criminal history level of V. *Id.* ¶ 122. However, with two prior felony drug convictions, the enhanced statutory penalty for each count of conviction was a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A), which became Defendant's guideline sentence. PSR ¶¶ 120, 121, 123. On May 23, 2008, the Court sentenced Defendant to life imprisonment without release and 10 years of supervised release on Count 1 and life imprisonment without release and 10 years of supervised release on Count 2. Sentencing, ECF No. 133; Judgment, ECF No. 134.

On April 19, 2019, Defendant filed a motion for appointment of counsel [ECF No. 163] in relation to the First Step Act. On May 2, 2009, the Court issued an Order [ECF No. 164] appointing counsel and directing the United States Probation Officer to prepare a report regarding the applicability of the First Step Act to Defendant. On May 20, 2019, an Addendum to the PSR [ECF No. 167] was filed. On September 18, 2019, Defendant, by counsel, filed the instant Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 173]. On October 9, 2019, the Government filed its response [ECF No. 174]. On January 21, 2020, Defendant filed a letter on his own behalf in support of his motion.

## DISCUSSION

Defendant seeks a reduction in his sentence based on Section 404(b) of the First Step Act, which was signed into law on December 21, 2018. Defendant was originally sentenced on May 23, 2008, under the Anti-Drug Abuse Act of 1986, 100 Stat. 2307. At the time, the penalties for crack cocaine offenses treated one gram of crack cocaine as the equivalent of 100 grams of powder cocaine, referred to as the 100-to-1 ratio. *See Kimbrough v. United States*, 552 U.S. 85, 96 (2007). Defendant's penalty on Count 1 was set forth in 21 U.S.C. § 841(b)(1)(A), which

3

applied to an offense involving 50 grams or more of crack cocaine and triggered a statutory mandatory minimum term of imprisonment of 10 years and a maximum term of life imprisonment. Under 21 U.S.C. § 841(b)(1)(B), an offense involving 5 grams or more of crack cocaine was punishable by a statutory mandatory minimum penalty of 5 years and a maximum sentence of 40 years.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), which lowered the 100-to-1 ratio to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). To achieve this end, Section 2 of the Fair Sentencing Act modified the statutory penalties for crack cocaine offenses by increasing the amount of crack cocaine necessary to support the statutory ranges for convictions in 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(b)(1)(B). *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010); *see also Dorsey*, 567 U.S. at 269. The threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(A) increased from 50 grams to 280 grams, and the threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(B) increased from 5 grams to 28 grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372; *see also Dorsey*, 567 U.S. at 269. For example, an individual previously convicted of possessing more than 50 grams of crack cocaine faced a 10-year mandatory minimum under § 841(b)(1)(A); however, now an individual would have to possess more than 280 grams of crack cocaine to be subject to the same mandatory minimum. The Fair Sentencing Act did not provide relief to defendants who were sentenced prior to its enactment; however, the Supreme Court held that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, for offenses committed before that date. *See Dorsey*, 567 U.S. at 273, 282.

On December 21, 2018, Congress enacted the First Step Act of 2018, which permits "[a] court that imposed a sentence for a covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404(b) (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Thus, the First Step Act makes Section 2 of the Fair Sentencing Act retroactive. Section 404(c) sets out two instances in which a court may not consider a motion for a reduced sentence: if the sentence was already imposed or reduced under the Fair Sentencing Act or if a court has already denied a motion made under Section 404 after a complete review of the motion on the merits. First Step Act, § 404(c). Finally, "[n]othing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

**A.      Eligibility—Section 404(a)**

A defendant is eligible for a reduced sentence under Section 404(b) if he was sentenced for a "covered offense," defined in Section 404(a) as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." First Step Act, § 404(a), (b). Defendant was found guilty of Counts 1 and 2 of the Indictment. Defendant committed the offenses in 2005, and he was sentenced in 2008. Count 1 charged Defendant with possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. With two prior felony drug convictions, Defendant's statutory sentence on Count 1 was life imprisonment under 21 U.S.C. § 841(b)(1)(A).

5

Defendant argues that he is eligible for relief on Count 1 because the statutory penalty for a violation involving 50 grams of crack cocaine—his offense of conviction—was modified by Section 2 of the Fair Sentencing Act. In contrast, the Government takes the position that Defendant's eligibility is not defined by the amount charged in the Indictment but rather by the amount of crack cocaine in the offense conduct for Count 1, which was 151.6 grams in this case.

It appears that a majority of courts to consider the issue have agreed with Defendant and found that a defendant's "eligibility is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct." *United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. May 24, 2019); *see also United States v. Wirsing*, 943 F.3d 175, 185–86 (4th Cir. 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is [Defendant's] statute of conviction that determines his eligibility for relief." (internal citations omitted)); *United States v. Jackson*, 945 F.3d 315, 319–20 (5th Cir. 2019) ("It follows that whether an offense is 'covered' depends only on the *statute* under which the defendant was convicted."); *United States v. Mockabee*, No. 1:10-CR-3, 2020 WL 419349, at *3 (S.D. Ind. Jan. 27, 2020) (following the majority of courts to find that a "covered offense" is based on the statute of conviction and not the offense conduct); *United States v. Jones*, No. 10 CR 985, 2019 WL 4942365, at *2–3 (N.D. Ill. Oct. 8, 2019) ("The Court adds its voice to the growing chorus of courts that have found that in determining the eligibility of the defendant for relief under the First Step Act, courts should look to the language of the indictment and the statute of conviction, not

the conduct of the defendant."); *United States v. Williams*, 402 F. Supp. 3d 442, 448 (N.D. Ill. 2019) (finding, after an analysis of both positions, that "the straightforward reading of 'offense' is that it refers to the offense of conviction, not the defendant's related conduct"); *United States v. Cole*, 1:09-CR-118, 2019 WL 3406872, at *3–4 (N.D. Ind. July 29, 2019) (finding that eligibility for relief under Section 404 is based on the statute of conviction without regard to actual offense quantities (citing cases)); *but see United States v. Brown*, No. 19-10926, 2020 WL 773012, — F. App'x — (11th Cir. Feb. 18, 2020) (holding that a defendant who admitted he was responsible for distributing 1,500 grams of cocaine base was not eligible under the First Step Act because the "First Step Act allows district courts to reduce sentences of defendants who distributed *less* than 280 grams of cocaine" base). The Government notes that, although the Seventh Circuit Court of Appeals has not yet addressed the issue, there are cases pending before the Seventh Circuit in which the district court's ruling was consistent with the Government's position. *See* Gov't Resp. Mot. Reduction of Sentence 6–7, ECF No. 174.[1]

Under either position, the Fair Sentencing Act modified the statutory penalty for Defendant's offense in Count 1. His original statutory penalty was governed by 21 U.S.C. § 841(b)(1)(A) for an offense involving 50 grams or more of crack cocaine, and, with two prior felony drug convictions, the statutory penalty range was life imprisonment with 10 years of supervised release. Whether Defendant is held responsible for the 50 grams of crack cocaine he was charged with or the offense conduct of 151.6 grams of crack cocaine, the amount exceeds 28 grams but does not exceed 280 grams and the lower penalties set forth in 21 U.S.C. § 841(b)(1)(B) now apply to Count 1. Accounting for a prior felony conviction, Defendant's new

---

[1] The Court further notes that oral argument was heard by the Seventh Circuit Court of Appeals on December 13, 2019, in the following pending appeals related to the First Step Act: *United States v. Shaw* (19-2067), *United States v. Robinson* (19-2069), *United States v. Grier* (19-2078), *United States v. Foulks* (19-2117), and *United States v. Young* (19-2520).

statutory penalty range is 10 years to life with 8 years of supervised release under § 841(b)(1)(B). Therefore, Defendant is eligible under Section 404(b) on Count 1 because he committed the federal crack cocaine offense prior to August 3, 2010, he was sentenced prior to August 3, 2010, and the statutory penalty for his crack cocaine violation was modified by section 2 of the Fair Sentencing Act.

In his motion, Defendant also asserts, with no citation to law or legal analysis, that he is entitled to a reduction of his sentence on Count 2, which charged him with possessing with intent to distribute 5 kilograms or more of cocaine under 21 U.S.C. § 841. However, the Fair Sentencing Act did not modify the penalties for powder cocaine convictions because crimes involving substances other than crack cocaine are not "covered offenses" under the Fair Sentencing Act. *See, e.g.*, *United States v. Moss*, No. 12-CR-30305, 2019 WL 4735907, at *1 (S.D. Ill. Sept. 27, 2019) (heroin not covered); *United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019) (powder cocaine not covered); *United States v. Guerrero*, No. 2:10-R-109, 2019 WL 1397473, at *2 (N.D. Ind. Mar. 27, 2019) (cocaine and marijuana not covered).[2] Defendant remains subject to the statutory mandatory minimum sentence of life imprisonment imposed on Count 2.

**B.      Relief—Section 404(b)**

Courts have limited grounds to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). One such scenario exists, as with the First Step Act, when "expressly

---

[2] In the conclusion of his brief, Defendant asks the Court to impose a sentence on Count 2 of 25 years but does not provide any explanation or legal basis for the request. Def. Mot. 10, ECF No. 173. To the extent Defendant may have based the request upon Section 401 of the First Step Act, which reduced the enhanced mandatory minimum sentences based on prior convictions, the reliance is misplaced. Section 401 specifically provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of the enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." First Step Act § 401(c), Pub. L. No. 115-391 (Dec. 21, 2018) (emphasis added). Defendant's sentence on Count 2 was imposed prior to the effective date of the First Step Act.

permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id*. § 3582(c)(1)(B). Federal Rule of Criminal Procedure 43(b) provides that a defendant "need not be present" for a sentencing reduction when the "proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4). The parties agree that a court deciding whether to impose a reduced sentence under Section 404 considers the revised statutory range under the Fair Sentencing Act, the guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing mitigation. *See, e.g.*, *United States v. Garrett*, No. 1:03-CR-62, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019) (quoting *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *5–6 (W.D. Mich. June 20, 2019)); *United States v. Shelton*, Cr. No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019). Whether to reduce the sentence is left to the Court's discretion. Defendant seeks a reduction of his sentence on Count 1 to 188 months imprisonment and 8 years of supervised release. The Government contends that no reduction is warranted.

As set forth above, the retroactive application of the Fair Sentencing Act reduces Defendant's statutory mandatory minimum on Count 1 from life imprisonment and 10 years of supervised release to 10 years imprisonment and 8 years of supervised release. *See* 21 U.S.C. § 841(b)(1)(B). This significant reduction in the mandatory minimum reflects "Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses . . . ." *Garrett*, 2019 WL 2603531, at *3 (quoting *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *4 (N.D. Ill. May 15, 2019)). In addition, the applicable guideline range on Count 1 is reduced because of Defendant's lower total offense level of 32. *See* Addendum to the PSR, p. 2, ECF No. 167. His original total offense level of 34 and his criminal history category of V resulted in a guideline range of 235 to 293 months. *Id*. Using current drug

conversion guidelines, Defendant's total offense level is reduced to 32, which results in a lower guideline range of 188 to 235 months. *Id.*

Where a statute places no restriction on the factors a court may consider in imposing a reduced sentence, the Court may consider all relevant § 3553(a) factors. *See, e.g.*, *Pepper v. United States*, 562 U.S. 476, 489–90 (2011). This includes post-sentencing conduct. *Id.* at 491 (explaining that postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors, which bear directly on the court's duty to impose a reduced sentence that is sufficient, but not greater than necessary, to serve the purposes of sentencing). In this case, Defendant has offered evidence of post-sentencing mitigation in the form of his excellent behavior during his incarceration. Defendant has been in federal custody since December 2, 2005. PSR ¶ 1. Defendant has served approximately 14 years of his life sentence, which he began serving at the age of 31. During the past 14 years in the Bureau of Prisons (BOP), Defendant has had an exemplary record with no sanctioned disciplinary incidents. *See* Addendum to the PSR; Def.'s Mot. Reduced Sentence, Ex. A, ECF No. 173-1. Defendant has also availed himself of numerous educational opportunities while in the BOP, including completion of 11 classes. *See* Addendum to the PSR at 3; Def.'s Suppl. Mot. Reduced Sentence, Ex. A. To Defendant's credit, these accomplishments merit recognition because he exhibited model behavior, participated in courses, and continued to better himself despite facing a life sentence.

As set forth above, the Court has considered Defendant's criminal history, offense conduct, offense of conviction, and exemplary conduct while incarcerated as well as the change in the statutory penalty and the lower applicable guideline range. The Court recognizes that any reduced sentence on Count 1 would continue to run concurrently with the mandatory life sentence imposed on Count 2. Nevertheless, having now considered the parties' arguments and

the sentencing factors of § 3553(a), the Court exercises its discretion and reduces Defendant's sentence on Count 1 to 179 months imprisonment with 8 years of supervised release to follow, which is sufficient but not greater than necessary to accomplish the sentencing goals in § 3553(a), to run concurrently with the sentence on Count 2 of life imprisonment followed by 10 years of supervised release.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS:

1. Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 173] is GRANTED in part and DENIED in part;

2. An Amended Judgment be entered reducing Defendant's sentence on Count 1 only to 179 months imprisonment and 8 years supervised release;

3. The provisions of Defendant's judgment of May 23, 2008, including the sentence on Count 2, shall otherwise remain unchanged; and

4. This Opinion and Order, as well as the Amended Judgment, be provided to the Bureau of Prisons.

SO ORDERED on March 9, 2020.

                                        s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT