UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:05-CR-70-HAB |
| ) | |
| DION WALKER ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 202). Defendant argues that post-sentencing changes enacted as part of the First Step Act, when considered with his personal characteristics, constitute extraordinary and compelling circumstances warranting compassionate release. The motion is now fully briefed. (ECF Nos. 213, 215). The Court agrees, generally, that Defendant is serving a term of imprisonment that is longer than necessary to accomplish the purposes of sentencing. That said, the Court finds that Seventh Circuit precedent bars the Court from granting the relief requested. Defendant's motion, then, is denied.

**I.      Factual and Procedural History**

**A.      *Offense Conduct***

In late 2005, Defendant made three controlled sales of cocaine and crack cocaine to a confidential informant. The total drug weight from the three sales was around a half-kilogram. Defendant was arrested before consummating a fourth sale. He had another quarter-kilogram on him when he was arrested.

Officers executed a search warrant on Defendant's home after the arrest. The search found a kilogram of powder cocaine in Defendant's bedroom and another four kilograms of powder cocaine in the kitchen. Officers also found an ounce of crack cocaine in the kitchen and $23,000.00

in cash. In a separate bedroom officers found more cash, titles for Defendant's vehicles, and a loaded handgun.

**B.**     *Procedural History*

Defendant was indicted on two counts of possession of a controlled substance with intent to distribute, one count for the powder cocaine and one for the crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Defendant was indicted on an additional count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ten months after the original indictment, the Government filed an Information Pursuant to 21 U.S.C. § 851(a)(1). (ECF No. 67). The Information identified two prior offenses as the bases for the § 851 enhancement: a 1991 conviction for possession of cocaine, a Class D felony; and a 1997 conviction for conspiracy to commit dealing in cocaine, a Class B felony. The § 851 enhancement raised the mandatory minimum sentence for the distribution charges from 20 years to life imprisonment.

Following the indictment, Defendant led a coordinated effort to obstruct justice. Defendant and his associates tried to persuade the confidential informant to make false recorded and written statements to help Defendant beat the charges. Government agents were forced to act on multiple occasions to protect the confidential informant, even moving the confidential informant to an undisclosed hotel. Defendant also tried to persuade another individual to take responsibility for the drugs found on him when he was arrested.

On the eve of trial, Defendant pleaded guilty under a plea agreement. He pleaded guilty to possessing more than 50 grams of crack cocaine with the intent to distribute and, separately, possession of more than 5 kilograms of powder cocaine with the intent to distribute. In exchange for those pleas, the Government dismissed the felon in possession charge. Defendant received

concurrent life sentences for the distribution charges, the statutory mandatory minimum sentence in place at the time.

Following his sentencing, Defendant filed a slew of motions that the Court construed as requests for habeas relief under 28 U.S.C. § 2255[1]. (ECF Nos. 138, 144, 153). Those motions were denied (ECF No. 157) and the Court declined to issue a certificate of appealability. (ECF No. 159).

In 2019, the Court referred Defendant's case to the Federal Community Defender's office to review his eligibility for relief under the First Step Act. A motion to reduce Defendant's sentence under the First Step Act was filed in September of that year. In March 2020, Judge Springmann granted Defendant's motion as to the crack cocaine count, reducing his sentence on that count only to 179 months' imprisonment and 8 years' supervised release. (ECF No. 179). But Judge Springmann denied the motion as to the powder cocaine count, reasoning that "the Fair Sentencing Act did not modify the penalties for powder cocaine convictions because crimes involving substances other than crack cocaine are not 'covered offenses' under the Fair Sentencing Act." (*Id*. at 8). With the life sentence on Count 2 unchanged, Defendant effectively received no relief. Defendant asked the Court to reconsider its ruling (ECF No. 185), but his request was denied (ECF No. 186).

Defendant timely appealed Judge Springmann's order. (ECF No. 181). This appeal was abandoned: Defendant's counsel successfully withdrew from the appeal (ECF No. 187) and the appeal was dismissed pursuant to Federal Rule of Appellate Procedure 42(b) (ECF No. 198). While the appeal was pending, Defendant sought compassionate release citing the same grounds on

---

[1] The Court has significant questions about whether Defendant's compassionate release request is really a mis-named, successive § 2255 petition. *See United States v. Arojojoye*, 806 Fed. App'x. 475 (7th Cir. 2020); *United States v. Spradley*, 1:98-CR-38-JMS, 2021 WL 5404519 (S.D. Ind. Nov. 18, 2021). That said, since neither party addressed this issue, and since the request includes grounds that would likely have to be considered under the compassionate release statute in any event, the Court will evaluate the merits of the motion.

which he now moves. (ECF No. 188). The motion for compassionate release was voluntarily dismissed on jurisdictional grounds. (ECF No. 199). Eight months after the appeal and initial compassionate release motion were dismissed, Defendant filed this motion for compassionate release.

**II.  Legal Discussion**

**A.  *Compassionate Release Standard***

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has properly exhausted his remedies. (ECF No. 213 at 8).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that

"describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)[2]. As a result, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court determines whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

---

[2] Yet as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to track "applicable policy statements." And the Sentencing Commission has not yet issued a policy statement "applicable" to Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180

B. *Sentencing Changes Imposed by the First Step Act Cannot Constitute Extraordinary and Compelling Reasons*

The thrust of Defendant's motion is that, under the First Step Act, he would no longer be subject to a mandatory minimum sentence of life. This, he claims, along with other factors, constitutes "extraordinary and compelling reasons" supporting compassionate release. To evaluate this claim, the Court must first review the effect of the Act on Defendant.

The First Step Act gives a court discretion to reduce the sentence of a defendant previously convicted of a "covered offense." See Pub. L. No. 115-391, 132 Stat. 5194, § 404(a) (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). The offense must have also been "committed before August 3, 2010." *Id.*

In 2010, Congress passed the Fair Sentencing Act. See Pub. L. No. 111-220, 124 Stat. 2372 (2010). Section 2 of that Act, referred to in the First Step Act, changed the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment. Under § 841(b)(1)(A), the threshold quantity increased from 50 grams to 280 grams; and under § 841(b)(1)(B), the threshold quantity increased from 5 grams to 28 grams. These changes reflected a recognition that the tremendous disparities in punishment of powder-cocaine and crack-cocaine offenses disparately impacted African Americans. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012).

But the Fair Sentencing Act's changes to the sentencing scheme applied only to defendants who were sentenced after the law's enactment. *See United States v. Fisher*, 635 F.3d 336, 338 (7th Cir. 2011), *rev'd sub nom. Dorsey*, 567 U.S. at 282. Congress eventually addressed this deficiency when it passed the First Step Act of 2018. Section 404(b) of that Act makes the Fair Sentencing Act retroactively applicable to defendants whose offenses were committed before August 3, 2010.

Now, a district court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b).

The Court considered the foregoing in reducing Defendant's sentence on his crack cocaine conviction.

> Under either position, the Fair Sentencing Act modified the statutory penalty for Defendant's offense in Count 1. His original statutory penalty was governed by 21 U.S.C. § 841(b)(1)(A) for an offense involving 50 grams or more of crack cocaine, and, with two prior felony drug convictions, the statutory penalty range was life imprisonment with 10 years of supervised release. Whether Defendant is held responsible for the 50 grams of crack cocaine he was charged with or the offense conduct of 151.6 grams of crack cocaine, the amount exceeds 28 grams but does not exceed 280 grams and the lower penalties set forth in 21 U.S.C. § 841(b)(1)(B) now apply to Count 1. Accounting for a prior felony conviction, Defendant's new statutory penalty range is 10 years to life with 8 years of supervised release under § 841(b)(1)(B). Therefore, Defendant is eligible under Section 404(b) on Count 1 because he committed the federal crack cocaine offense prior to August 3, 2010, he was sentenced prior to August 3, 2010, and the statutory penalty for his crack cocaine violation was modified by section 2 of the Fair Sentencing Act.

(ECF No. 179 at 7–8). So far, so good.

Where Section 404 of the First Step Act addressed disparity in crack cocaine sentencing, Section 401 aimed to reduce enhanced sentencing for prior drug offenses. The term "serious drug felony" was amended to:

> an offense described in section 924(e)(2) of title 18, United States Code, for which (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

First Step Act, § 401(a)(1). The parties seem to agree that this change would have excluded Defendant's 1991 conviction from being used to enhance his sentence as it was a conviction for simple possession.

Section 401 further reduced the mandatory minimum sentences for those with felony drug arrests. Those with one qualifying offense saw their mandatory minimum reduced from 20 years

to 15 years. First Step Act, § 401(a)(1)(i). Those with two qualifying offenses saw their mandatory minimum drop from life to 25 years. *Id*. at (a)(1)(ii). Thus, if the changes in Section 401 applied to Defendant, the mandatory minimum sentence for his powder cocaine offense would be 15 years.

Alas, Section 401 does not apply to Defendant. The legislation makes clear, "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 401(c). Defendant's powder cocaine sentence was imposed before the effective date of the First Step Act, putting it outside the Act's scope. (*See* ECF No. 179 at 8, n.2).

With this background in mind, we can now turn to Defendant's arguments. Defendant first argues that Judge Springmann erred when she refused to apply Section 404 of the First Step Act to his powder cocaine conviction, although he expressly denies that he is asking the Court to revisit this decision.[3] (ECF No. 202 at 31–32). Second, he argues that the Court should consider the impact that Section 401 would have if Defendant was sentenced today, claiming "a district court may consider a statutory change in the law in individual cases even though Congress did not make the change retroactive." (*Id*. at 26). He asks this Court to consider these arguments "as part of its individualized review of his sentence to determine if 'extraordinary and compelling reasons' exist for a reduction in his sentence in Count 2." (*Id*. at 32).

As the Government notes, the day after Defendant filed his motion the Seventh Circuit handed down its decision in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). In *Thacker*, the

---

[3] The Court would not review Judge Springmann's decision even if asked, as her determination is now law of the case. *See ESCO Corp. v. Cashman Equip. Co.*, 65 F. Supp. 3d 626, 629 (C.D. Ill. 2014) ("Under the law-of-the-case doctrine . . . when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). The appropriate forum for challenging Judge Springmann's ruling was Defendant's dismissed appeal.

issue before the Court was whether sentencing disparity created by another non-retroactive section of the First Step Act, Section 403[4], could serve as extraordinary and compelling circumstances supporting compassionate release. Ross Thacker ("Thacker") was sentenced in 2002 to a mandatory minimum 32-year sentence for two convictions under 18 U.S.C. § 924(c), 7 years for the first conviction and 25 years for the second. Following the enactment of the First Step Act, the mandatory minimum sentence for each conviction was reduced to 7 years. Thacker argued that the resulting 18-year disparity, along with his health conditions, satisfied the extraordinary and compelling requirement. *Id*. at 571–72.

The Seventh Circuit rejected the defendant's argument. Comparing Sections 403 and 404, the court of appeals determined that Congress made a "deliberate" choice to apply relief under Section 403 prospectively. *Id*. at 573. The court of appeals recognized that § 3852(c)(1)(A) affords district courts with discretion to shorten terms of imprisonment but made clear that this discretion "only goes so far." *Id*. at 574. The limit of that discretion, according to the court of appeals, was using the compassionate release statute to "upend the clear and precise limitation Congress imposed on the effective date of the First Step Act's amendment to § 924(c)." *Id*.

Predicting the precise issue before the Court, the Seventh Circuit later observed:

> We harbor broader concerns with allowing § 3582(c)(1)(A) to serve as the authority for relief from mandatory minimum sentences prescribed by Congress. We see nothing preventing the next inmate serving a mandatory minimum sentence under some other federal statute from requesting a sentencing reduction in the name of compassionate release on the basis that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like. Rationales along those lines cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law. Any other conclusion offends principles of separation of powers.

*Id*.

---

[4] Section 403 contains the same non-retroactivity language as Section 401(c).

The court of appeals did not prohibit district courts from ever considering changes in sentencing as part of the compassionate release analysis. Rather, the court expressly endorsed consideration of Section 403 when weighing the § 3553(a) factors, but only after the district court first finds extraordinary and compelling circumstances. *Id*. at 575–76 (citing *United States v. Black*, 999 F.3d 1071 (7th Cir. 2021)[5]). Still, the court of appeals made it clear that the required extraordinary and compelling reason supporting compassionate release "cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c)." *Thacker*, 4 F.4th at 576.

The Court agrees with the Government that *Thacker* "forecloses" any claim of extraordinary and compelling circumstances based on Section 401's amendment to 21 U.S.C. § 841. Defendant's attempt to use Section 401 for this purpose is "an attempted end-run around Congress's decision in the First Step Act to give only prospective effect to its amendment of [§ 841]'s sentencing scheme." *Id*. at 573. This is a maneuver *Thacker* does not permit.

Defendant attempts to avoid this conclusion by relying on Judge Durkin's decision in *United States v. Liscano*, 02 CR 719-16, 2021 WL 4413320 (N.D. Ill. Sept. 27, 2021). There, Liscano received the same life sentence as Defendant under 21 U.S.C. § 841(b)(1)(A) because of two previous felony drug convictions. After his direct appeal and habeas petitions ended adversely, Liscano moved for compassionate release. He argued, and the Government agreed, that one of his convictions was wrongly counted as a predicate offense under *Mathis v. United States*, 579 U.S. 500 (2016), and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). The parties disagreed,

---

[5] Defendant mainly relies on *Black* in support of his claim that the Court can consider the changes enacted by Section 401. (ECF No. 202 at 26–28). As explained in *Thacker*, *Black* is inapt because it "principally concerned whether the district court in that case should have weighed the change to § 924(c) when applying the § 3553(a) factors after the prisoner identified serious medical concerns as an independent extraordinary and compelling reason for release." *Thacker*, 4 F.4th at 576. The question presented here was not before the court of appeals in *Black*.

10

however, whether this subsequent change in the law constituted extraordinary and compelling reasons supporting compassionate release. Judge Durkin concluded that it did and, after reviewing the § 3553(a) factors, ordered Liscano released, having served 18 years of his life sentence.

The Court has thoroughly reviewed and considered *Liscano*. It cannot reach the same conclusion.

The Court first notes that, despite being decided post-*Thacker*, *Liscano* devotes only one sentence to what is controlling Seventh Circuit law. *Liscano*, 2021 WL 4413320, at *7. Having recognized the controlling precedent, the decision immediately pivots, stating, "[b]ut that does not preclude a finding that Liscano's particular circumstances are extraordinary." *Id*. Finding that "life sentences are in a category of their own[6]," Judge Durkin concluded that Liscano had "met his heavy burden" of proving extraordinary and compelling circumstances. *Id*. at *8.

The problem, at least as far as the Court can see, is that *Thacker* expressly denounced the very arguments Judge Durkin accepted. The Seventh Circuit made plain that prisoners cannot extricate themselves from mandatory minimum sentences in the name of compassionate release "on the basis that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like." *Thacker*, 4 F.4th at 574. When these are the "particular circumstances" supporting a request for compassionate release, as they were in *Liscano*, *Thacker* directs that the request must be denied.

*Liscano* is also distinguishable procedurally. The change in Liscano's mandatory minimum sentence was caused not by a legislative change but by subsequent case law. In Judge Durkin's view, and in the Government's view in *Liscano*, this meant that "the sentencing court erred in imposing a mandatory life sentence." *Liscano*, 2021 WL 4413320, at *4. Stated another way,

---

[6] Judge Durkin also cited the use of predicate offenses with "minimal amounts of drugs" and Liscano's commendable conduct while incarcerated in reaching his conclusion. *Liscano*, 2021 WL 4413320, at *8.

because Liscano did not have the required number of predicate offenses under *Mathis*, and because *Mathis* did not announce, "a new rule of constitutional law," *Holt v. United States*, 843 F.3d 720, 721 (7th Cir. 2016), Liscano's sentence was always contrary to law.

That is not the case here. Defendant does not, and cannot, argue that he was erroneously sentenced to life under the then-enacted version of § 841. Instead, his life sentence was required by the version of the statute in effect at the time. While the Court believes that this is ultimately a distinction between this case and *Liscano* without a difference, given the clear language of *Thacker*, it is a distinction that helps explain Judge Durkin's visceral reaction to Liscano's life sentence.

The Court understands Defendant's Section 401 argument. It might even agree with the conclusion Defendant reaches. But the Seventh Circuit does not so agree. Instead, it has stated, pointedly, that district courts may not consider, "alone or in combination with other factors," the sentencing changes brought about by Section 401. That declaration is binding on this Court.

**C.** ***Defendant's Other Stated Bases are neither Extraordinary nor Compelling***

Sentencing argument aside, very little is left of Defendant's compassionate release request. Defendant devotes a single paragraph to his health issues. He claims, without providing the Court with medical records, that he suffers from "stage two-kidney disease and hypertension." (ECF No. 202 at 30–31). But in the next sentence he concedes that the conditions "are being treated." (*Id*. at 31). Because there is no indication that Defendant's conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," U.S.S.G. § 1B1.13 cmt. n.1, his conditions do not rise to the level of extraordinary or compelling reasons warranting compassionate release. *See*, *e.g.*, *United States v. Manuel*, 2:08 CR 214, 2020 WL 7586922, at *2 (N.D. Ind. Dec. 22, 2020).

12

The only other potential basis for compassionate release advanced by Defendant is his "extraordinary commitment to rehabilitation while incarcerated." (ECF No. 202 at 19). By all accounts, Defendant has been a model prisoner. He has seized on educational opportunities, excelled in various vocations, and has a clean disciplinary record. His rehabilitation is laudable, but it is not a basis for compassionate release by itself, s*ee* 28 U.S.C. § 994(t), or along with his minor health conditions. *See*, *e.g.*, *United States v. Milton*, 2:15-CR-172, 2020 WL 6268806 (N.D. Ind. Oct. 26, 2020).

Defendant's brief is full of good reasons supporting his argument for compassionate release. Great reasons, in fact. But not extraordinary and compelling reasons as the terms are defined in the relevant sentencing guidelines, statutes, and case law.[7] This leaves the Court with the simple, though regrettable, conclusion that Defendant is not eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

### III. Conclusion

For these reasons, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 202) is DENIED.

SO ORDERED on January 28, 2022.

          s/ *Holly A. Brady*
          JUDGE HOLLY A. BRADY
          UNITED STATES DISTRICT COURT

---

[7] Because the Court does not find extraordinary and compelling reasons supporting release, it need not address the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 (consideration of the § 3553(a) factors is required only "upon a finding that the prisoner has supplied such a [extraordinary and compelling] reason").

13